| | |
|---|---|
| Case No.    EDCV 21-1043-DMG (KS) | Date: June 28, 2021 |
| Title    *Robert Earl Hurst v. Warren L. Montgomery* | |

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### INTRODUCTION

On June 21, 2021, Petitioner, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner, who previously filed a habeas petition in this Court attacking his 2007 conviction for attempted murder, assault with a semiautomatic firearm, and second degree robbery, *see Robert Earl Hurst III v. Leland McEwan*, No. EDCV 11-00594-DMG (RNB) (C.D. Cal. Jan. 13, 2012) ("*Hurst* I"), presents one ground for relief: "Re-sentencing pursuant to the amendment of Penal Code Section 12022.53(d) by Senate Bill 620. On October 11, 2017, the Governor signed Senate Bill 620, which amends Penal Code section 12022.53(d), effective January 1, 2018, to allow the sentencing court in its discretion to either strike or dismiss the firearm enhancements under Penal Code section 1385." (Petition at 6.)

According to the Petition, Petitioner presented this same claim in a habeas petition to the San Bernardino Superior Court, which denied the petition on September 24, 2020. (Petition at CM/ECF Page ID 8.) In the superior court order attached to the Petition, the San Bernardino Superior Court explained, "Under S.B. 620, 'the court may, in the interest of justice pursuant to Section 1385 and *at the time of sentencing*, strike or dismiss an enhancement otherwise required to be imposed by' sections 12022.5 and 12022.53." (*Id.* at CM/ECF Page ID 9) (emphasis added). Accordingly, the superior court determined that Petitioner failed to state a claim for relief under S.B. 620 because the provisions "only apply at sentencing or any 'resentencing that may occur pursuant to another law,'" but are not retroactive and, therefore, cannot apply to Petitioner's case,

which became final 11 years before Petitioner filed his habeas petition with the San Bernardino Superior Court. (*Id.*)

Following the superior court's denial, Petitioner filed habeas petitions in the California Court of Appeal (Fourth Appellate Division), which denied relief summarily (Petition at CM/ECF Page ID 10), and the California Supreme Court, which did the same on April 21, 2021 (*id.* at CM/ECF Page ID 12). On June 21, 2021, Petitioner filed the instant Petition. (Dkt. No. 1.)

**DISCUSSION**

A petitioner may seek federal habeas relief from a state court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]"); *Waddington v. Sarausad*, 555 U.S. 179, 192 n.2 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus [proceedings]."). Accordingly, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Further, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") requires a district court to dismiss a habeas petition if it plainly appears from the petition and any attachments that the petitioner is not entitled to relief in the district court.

Petitioner seeks federal habeas relief on the ground that he is entitled to a modified sentence pursuant to S.B. 620. The claim as presented involves only the application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. *See Souch v. Schaivo*, 289 F.3d 616, 622–23 (9th Cir. 2002); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Petitioner does not assert a violation of his federal constitutional rights, and, even if he characterized his claim as arising under the Constitution, that alone would be insufficient to state a cognizable claim for federal habeas relief. (*See generally* Petition); *see also Langford*, 110

F.3d at 1389 ("[A claimant] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process."); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (stating that an error of state law is not a denial of due process); *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1041 n.27 (C.D. Cal. 2010) (stating that merely placing a Fourteenth Amendment label on an alleged state law sentencing violation is insufficient to state a cognizable federal constitutional claim).

Further, even if Petitioner had stated a cognizable claim, which he did not, and it were within this Court's authority to review state court applications of state sentencing laws, which it is not, federal habeas relief would remain unavailable because the state courts did not misapply state law. It has long been a tenet of California law that when a statute mitigating punishment becomes effective before final judgment, the lesser punishment provided by the new law should generally be imposed. *See In re Estrada*, 63 Cal. 2d 740, 748 (1965); *People v. Francis*, 71 Cal. 2d 66, 75-78 (1969). California courts of appeal, applying the rule in *Estrada* and *Francis*, have repeatedly held, as did the San Bernardino Superior Court here, that S.B. 620 applies retroactively only to criminal judgments that were not final as of the bill's effective date of January 1, 2018. *See, e.g., People v. Phung*, 25 Cal. App. 5th 741, 763 (2018) ("[T]he *Estrada* rule of retroactivity applies to S.B. 620 . . . ."); *People v. Johnson*, 32 Cal. App. 5th 26, 68 (2019), review denied (Apr. 10, 2019) ("[*Francis*] requires retroactive application" of S.B. 620 "to all nonfinal judgments."); *People v. McDaniels*, 22 Cal. App. 5th 420, 424 (2018) ("The discretion conferred by [S.B. 620] 'applies to any resentencing that may occur pursuant to any other law,' and it applies retroactively to nonfinal judgments.") (quoting *People v. Woods*, 19 Cal. App. 5th 1080, 1090-91 (2018)).

Petitioner's conviction became final in 2009, ninety days after the California Supreme Court denied his petition for review on direct review. (*See Hurst* I, Dkt. No. 18 at 2; *see also* Petition at CM/ECF Page ID 8). Because Petitioner's conviction had been final for more than eight years before S.B. 620's effective date of January 1, 2018, Petitioner would not be entitled to the retroactive application of amended subsection 12022.53(h). *See, e.g., Chavez v. Baughman*, No. CV 18-08213-DOC (DFM), 2018 WL 5734654, at *1-2 (C.D. Cal. Oct. 28, 2018) (noting that even if federal challenges to the application of S.B. 620 were cognizable, which they are not, the petitioner would not be eligible for reconsideration under the bill because his conviction became final before S.B. 620's effective date).

In sum, the Petition fails to establish that the Court has jurisdiction to consider Petitioner's sole claim for federal habeas relief, and, therefore, the Petition is subject to dismissal pursuant to Habeas Rule 4.

**ORDER**

In light of the foregoing, **IT IS ORDERED that Petitioner shall show cause, no later than July 19, 2021, why this action should not be dismissed for failure to present a cognizable claim for federal habeas relief.**  To discharge this Order and proceed with his action, Petitioner shall, no later than the July 19, 2021 deadline, file a First Amended Petition, using the Central District's standard habeas petition form, in which he establishes that the Court has jurisdiction to entertain Petitioner's claim(s) for habeas relief—that is, that the Petition presents a federal constitutional claim for federal habeas relief (and this federal constitutional claim was fairly presented to, and exhausted in, the state courts).  Petitioner is reminded, however, that a simple citation to the Fourteenth Amendment or an unexplained reference to broad constitutional principles is insufficient to transform a purely state-law issue into a federal one.

Alternatively, if Petitioner no longer wishes to proceed with this action, Petitioner may dismiss it without prejudice by filing, no later than the July 19, 2021 deadline, a signed document entitled "Notice of Voluntary Dismissal" pursuant to Fed. R. Civ. P. 41(a).

**Petitioner's failure to timely file either a Notice of Voluntary Dismissal or a First Amended Petition that complies with this order will result in a recommendation of dismissal.**

The Clerk is directed to send Petitioner the Central District's standard habeas petition form for a person in state custody.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |